IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:23-cr-103MCR

KENNETH LAMAR WEATHERS, JR.
_____/

## ORDER REGARDING SELF-REPRESENTATION
## AND APPOINTING STAND-BY COUNSEL

Defendant Kenneth Lamar Weathers is charged in the above-styled case in a one-count indictment with possession of a firearm by a convicted felon. ECF Doc. 1. On December 20, 2023, at Defendant's initial appearance, the Court appointed the Federal Public Defender's officer to represent Defendant in this matter, after determining Defendant qualified for the appointment of counsel. ECF Doc. 11. The case was assigned to CJA Panel counsel Shelley Reynolds. ECF Doc. 17.

On April 3, 2024, Reynolds filed a Motion for Status Conference stating she had reason to believe Defendant wanted to represent himself. Doc. 35. A conference was held on April 10, 2024, with Judge Rodgers, who referred the matter to the undersigned for a *Faretta*[1] hearing. The Court held a *Faretta* hearing on the same day. At the hearing, the Court cautioned Defendant regarding the risks of self-representation and examined the defendant to ensure his decision was knowing and

---

[1] *Faretta v. California,* 422 U.S. 806 (1975),

Case No.:  3:23-cr-103MCR

voluntary. Based upon the Defendant's colloquy with the Court, the Court finds that Defendant is aware of the charge he is facing, the serious penalties associated with that charge, the potential pitfalls associated with representing himself, and is nonetheless making a knowing, intelligent, and voluntary decision to represent himself. Defendant therefore will be allowed to proceed *pro se*. The Court also finds it appropriate to appoint stand-by counsel.

## I. *Faretta* and the Right to Self-Representation

"A criminal defendant may exercise his constitutional right to represent himself—his *Faretta* rights—by making a knowing and intelligent waiver of his Sixth Amendment right to counsel and by clearly and unequivocally asserting his request to proceed pro se." *United States v. Mathauda*, 680 F. App'x 805, 807 (11th Cir. 2017) (discussing *Faretta v. California*, 422 U.S. 806 (1975)). "The defendant's clear and unequivocal request to represent himself triggers the court's obligation to conduct a *Faretta* hearing, in which the defendant must be informed of the advantages and disadvantages of self-representation. A defendant makes a clear and unequivocal request for self-representation by, for example, affirmatively invoking his right to self-representation. *Id.* (internal citations omitted).

The Sixth Amendment right to self-representation, however, is not without limits. *See United States v. Easley*, 2022 WL 3638171, at * 1 (N.D. Ala. Aug. 23, 2022). For example, "where a defendant is mentally competent enough to stand trial,

but lacks the mental capacity to represent himself, the court may refuse a request by the defendant to proceed *pro se* at trial." *United States v. Dantes,* 750 F. App'x 800, 808 (11th Cir. 2018) (citing *Indiana v. Edwards*, 554 U.S. 164, 167 (2008).  Also, the Court may terminate Defendant's self-representation if Defendant "deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834.

## II.  The *Faretta* Hearing

The undersigned cautioned Defendant that he should make the decision regarding self-representation very carefully and that there are advantages to having representation by an attorney trained in the law.  The undersigned advised Defendant that he would be at a disadvantage not having the experience and expertise of counsel available to him.  The undersigned warned Defendant that if he represented himself, he would be truly alone against the Government, its attorneys, and its agencies and would receive no help from anyone.  The undersigned further advised Defendant that there are many pitfalls for someone proceeding to trial without an attorney, including the opening statement; the decision on who to call as witnesses; the questioning of witnesses; the decision on whether to testify, which can implicate Defendant's Fifth Amendment rights; and decisions regarding impeachment and cross-examination of witnesses.  The undersigned advised Defendant that, in the court's view, it is very important to have an attorney providing legal advice with regard to each of those aspects of trial.

The undersigned inquired as to Defendant's age, educational background, physical and mental health, knowledge of the law, and familiarity with the Federal Rules of Evidence and Federal Rules of Criminal Procedure, which the undersigned explained will apply before and at trial. The undersigned outlined the charged against Defendant, as well as the maximum possible penalties. The undersigned confirmed that Defendant understood the penalties he faces. Despite repeated admonitions by the undersigned against Defendant representing himself, Defendant reiterated his desire to proceed *pro se*.

### III.  Stand-by Counsel

Despite Defendant's request for self-representation, the Court may nonetheless appoint standby counsel. The Court finds such appointment to be warranted in this case "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of his achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. 168, 168 (1984). Defendant will control the organization and content of his own defense, argue points of law, participate in jury *voir dire*, question witnesses, and address the court and jury at appropriate points in the trial. Stand-by counsel will be available to explain basic rules of courtroom protocol and assist Defendant in overcoming routine obstacles that may prevent Defendant from proceeding in his own defense; but stand-by counsel will not

Case No.:  3:23-cr-103MCR

interfere with Defendant's control over the case he chooses to present to the jury. Also, given Defendant's incarceration status, stand-by counsel will also coordinate with the Government to make evidence available to Defendant for review.

Accordingly, it is **ORDERED** as follows:

1. Defendant will proceed *pro se* in this cause unless he waives his right to self-representation through subsequent conduct indicating an abandonment of the request to proceed *pro se*.

2. Within **twenty-four (24) hours** of this Order, the Federal Public Defender's office shall randomly select a CJA panel attorney to represent Defendant as stand-by counsel.

3. Reynolds shall provide a copy of her file to stand-by counsel and to Defendant.

**DONE AND ORDERED** on this 10th day of April 2024.

                     s/ *Hope Thai Cannon*
                     Hope Thai Cannon
                     United States Magistrate Judge